THE STATE OF MISSOURI, Appellant, v. ALFRED P. COUCH AND JOHN M. FRANKS, Respondents.

St. Louis Court of Appeals, April 1, 1890.

Criminal Law: INDICTMENT. An indictment against judges of a county court for illegally exacting and collecting mileage *held* too indefinite, owing to the absence of any specification of the fees claimed to have been illegally exacted and collected.

*Appeal from the Oregon Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*T. J. Braswell,* Prosecuting Attorney, for the appellant.

*Evans, Clarke & Smith,* for the respondents.

BIGGS, J., delivered the opinion of the court.

The defendants are the judges of the county court of Oregon county, and the following indictment was returned against them: "The grand jurors for the state of Missouri, empaneled, sworn and charged to inquire within and for the body of the county of Oregon and state aforesaid, upon their oaths present that Alfred P. Couch and John M. Franks on the second day of October, 1888, at and in the county and state aforesaid, being then and there judges of the county court within and for the county of Oregon, and state of Missouri, in their official capacity, did then and there under color of their office as such judges, as aforesaid unlawfully and wilfully exact, demand and receive fees more than was due, and for the purpose of extortion

illegally issued an order and caused the same to be entered of record allowing said judges as aforesaid mileage at the special term of the county court held in the town of Alton on the second day of October, 1888, against the peace and dignity of the state.''

The court on motion of the defendants quashed the indictment because: *First.* The matters set forth therein constituted no offense. *Second.* Because the indictment was uncertain and indefinite.

We think the conclusion reached by the trial judge was correct. The indictment charged that the defendants, as judges of the county court, demanded and received fees that were not allowed by law, but it failed to state *what* fees were so received. The indictment continues with the additional charge that the defendants allowed themselves mileage, and that, at a special term of the county court, they caused an order to that effect to be entered of record. There is no averment upon what account or for what purpose the mileage was claimed, and there is nothing in the statute making it a misdemeanor for county judges at a special term to audit and allow fees.

It may be that the prosecuting attorney intended to so frame the indictment as to charge the defendants with exacting and collecting mileage for their attendance as judges at a special term of their court, but the pleading will bear no such interpretation.

The amendment of section 1215 of the Revised Statutes of 1879, by the legislature ( Sess. Acts, 1883, page 73 ) left the question of the right of a county judge to mileage for attendance at a special term involved in some doubt, but, as the question is not presented by the record, we need not discuss it.

The judgment of the circuit court will be affirmed. All the judges concur.