(17 Misc. Rep. 107.)

In re KLEIN.

(Supreme Court, Special Term, Kings County. May, 1896.)

HABEAS CORPUS—TRAVERSING RETURN—EVIDENCE BEFORE GRAND JURY.
    Where the return to a writ of habeas corpus states that petitioner is held under a warrant of commitment under an indictment, a traverse that the indictment is void because found on no legal evidence is good.

Application by Jacob Klein for writ of habeas corpus.

John H. Elder, for petitioner.
F. L. Backus, Dist Atty., opposed.

GAYNOR, J. The return by the sheriff, that the petitioner is held under a warrant of commitment under an indictment for arson, is traversed by the allegation that the said indictment is void, in that it was found upon no legal evidence. This is a good traverse. The grand jury has no more right to find an indictment without evidence than a magistrate has to arrest or commit without evidence. It is a question of jurisdiction. In re Henry, 13 Misc. Rep. 734, 35 N. Y. Supp. 210. For a grand jury to find an indictment, the same as for a magistrate to hold for indictment, upon no evidence, would be acting without jurisdiction. Since Magna Charta, or, at all

events, since the petition of right, the king's mandate is not conclusive. Under the writ of habeas corpus, one imprisoned may go behind it, and show that it is without jurisdiction. The historical origin and development of this writ shows the wide legal scope which it was meant it should have, and which should be maintained for it. In this case the evidence before the grand jury was put in evidence before me. Upon reading it, however, I find that there is some evidence that the petitioner committed the offense, and therefore the grand jury had jurisdiction to find the indictment.

Upon the question of delay the petitioner is entitled to be tried. He has been in jail since February 25, 1896, when the indictment was found. That is too long under the circumstances. The state has no right to accuse an individual of crime, and then hold him, and unreasonably delay his trial. That would be oppression, and the individual should always be protected from oppression by government, for it is upon that the maintenance of his rights depends.

Unless the petitioner be tried in the first week of June, 1896, let him be discharged. Meanwhile he is remanded.