## COUNTY COURT—MONROE COUNTY.
### March, 1910.

## THE PEOPLE EX REL. CHARLES PERRY v. WILLIS K. GILLETTE.

#### (66 Misc. 516.)

(1). EXTORTION—THREATS.

> A threat that will produce the fear that constitutes an essential element of the crime of extortion, if verbal, is simply a misdemeanor.

(2). SAME.

> Where defendant, arrested upon a bench warrant issued upon an indictment charging him with an attempt to commit extortion, sues out a writ of habeas corpus and asks to be released from custody upon the ground that at the time of the finding of the indictment he was under arrest upon a warrant issued for the same crime charged in the indictment, the same being a misdemeanor of which the police court had exclusive jurisdiction in the first instance to try, subject to removal under section 473 of the city charter to a court sitting with a grand jury, he is entitled to be discharged from custody, where the only evidence which could be offered upon the trial of the indictment is of verbal threats.

PROCEEDINGS upon a return of a writ of habeas corpus.

*Louis E. Fuller,* for relator.

*Charles B. Bechtold, Assistant District Attorney,* for defendant.

BARHITE, Special C. J.:

The relator was indicted with another by the grand jury of Monroe county for the crime of an attempt to commit the crime of extortion, it being alleged that the accused persons did, on the 2d day of February, 1910, at the city of Rochester, and county of Monroe, feloniously and extorsively attempt to ob-

tain from a person named, with his consent, the sum of $500, and that such consent was intended to be induced by the wrongful use of fear on the part of the defendants, through the means of a threat made to the person threatened to publicly accuse him of a crime.

The relator is in the custody of the sheriff, pursuant to a bench warrant issued upon said indictment, and he asks to be discharged upon the ground that, at the time when the indictment was found, he was under arrest upon a warrant issued by the police justice of the city of Rochester for the same crime as that charged in the indictment, and that as the crime charged is a misdemeanor the police court had exclusive jurisdiction.

At the outset, it was suggested by the learned district attorney that the special county judge has not jurisdiction to determine the merits of the application; that, under a recent amendment of the Code of Criminal Procedure, a person who is detained in the county jail upon a criminal charge cannot be removed therefrom by a writ of habeas corpus during the session of the Supreme Court in that county, unless such writ shall have been issued by or shall be made returnable before such court.

Evidence was given to the effect that, when the writ was issued, the time set for the continuance of the regular term of the Supreme Court in Monroe county had expired, but that the court was being adjourned from day to day by an entry made upon the minutes as provided by law.

Without attempting to decide whether " in session," as used in the statute, means the court in active operation, with a judge present and ready to perform his judicial duties, or whether a continuance by the clerk upon the record satisfies the language of the Code, it is sufficient to say that, under the decision in *People v. Frost,* 63 Misc. Rep. 82, and *People ex rel. Tweed v.*

*Liscomb,* 60 N. Y. 559, it appears to be clearly held that an officer who has the right to issue a writ of habeas corpus has jurisdiction to determine the merits upon the return of the writ, and that it is beyond the power of the Legislature to take away that jurisdiction.

It is conceded by the district attorney that, if the crime charged in the indictment is a misdemeanor, inasmuch as the defendant was first arraigned in the police court, the grand jury and County Court have no jurisdiction. That conclusion is properly made. By section 468 of the city charter the Police Court has in the first instance exclusive jurisdiction to try and determine all offenses of which courts of special sessions have exclusive jurisdiction, when such offenses are committed within the city, and has exclusive jurisdiction in the first instance to try for any other misdemeanor committed in the city by any person who is brought before the court.

A charge of misdemeanor pending before a Police Court or police justice may be removed to a court sitting with a grand jury, but only as provided by section 473 of the charter.

A determination of the question whether an attempt to commit the crime of extortion is a misdemeanor compels an examination of various sections of article 80 of the Penal Law and section 261 of the same law.

The contention of the people is that, as extortion is a felony and must be punished by imprisonment not exceeding fifteen years, an attempt to commit the crime must be punished by imprisonment not exceeding seven and one-half years (Penal Law, § 261); and that, as a term of imprisonment exceeding one year must be in a State prison, the lesser offense is also a felony. Penal Law, § 2.

The answer of the relator is that an attempt to commit a crime is punishable by imprisonment for not more than one-half the longest term prescribed upon a conviction for the crime

itself, " unless otherwise specially prescribed by statute; " but that the words quoted bring the case within the purview of section 857 of the Penal Law, which provides: " A person who, under circumstances not amounting to robbery, or an attempt at robbery, with intent to extort or gain any money or other property, verbally makes such a threat as would be criminal under any of the foregoing sections of this article or of section five hundred and fifty-one, if made or communicated in writing, is guilty of a misdemeanor."

The above section is a re-enactment of section 560 of the Penal Code, with the word " either" changed to " any " for the sake of grammatical accuracy and a reference to section 551 necessitated by a rearrangement of sections of the Penal Code.

The preceding sections of the Code referred to in 857 by the use of the word " any " include definitions of the crime of extortion and of the crime of blackmail.

No reason appears why, if the Legislature intended to refer to section 856, which defines the crime of blackmail, the word " preceding " should not have been used instead of the words " any of the foregoing sections of this article."

Extortion is defined as the obtaining of property from another, with his consent, induced by the wrongful use of threats or fear, or under color of official right.   It is further provided that fear, such as will constitute extortion, may be induced by a threat to accuse the person threatened of a crime.   § 851. Whether the threat must be written or verbal does not appear. Obviously it may be either.   If we turn to the definition of the crime of blackmail, we find that the actual " obtaining of property from another " is not an element of the crime.   It is, however, an element of the crime of extortion.   But the threat, to constitute the crime of blackmail, must be in writing.   If it is not in writing, but of such a character as to constitute black-

mail if in writing, then the crime committed is a misdemeanor under section 857.

In none of the sections of article 80, preceding section 857, is there any threat described as criminal, except the threat which goes to make a necessary element of the crime of extortion or of the crime of blackmail.

It has been suggested that the Legislature could not necessarily intend, while increasing, as it recently has, the punishment for extortion from five to fifteen years, to leave the attempted crime of extortion a misdemeanor, to be punished only by the penalty prescribed for that class of offenses. One answer to this suggestion is that some forms of the crime of extortion itself constitute only a misdemeanor. Another answer is the intention of the Legislature as determined by the words of the statute.

The title to a law or the heading to a section is a legitimate subject for consideration in the construction of statutes which are somewhat ambiguous. The title or the heading is no part of the statute, but it ofttimes throws light upon the meaning of the words intended in the statute itself. We find that section 857 is entitled " Attempts to extort money or property by verbal threats." This is another indication that the threats described in that section refer to the threat which may constitute a part of the crime of extortion.

It must be held that a threat that will produce the fear that constitutes an essential element of the crime of extortion, if verbal, is simply a misdemeanor. The result is not a satisfactory one, for it opens possibilities in the administration of justice that do not conduce to the proper punishment of crime; but that is a question that must be considered by the Legislature alone.

The indictment is proper in form and alleges sufficient to sustain proof of the crime charged against the defendant. It

does not appear, however, by the pleading, whether the threats made by the defendant were written or verbal. It is conceded, however, both by the attorney for the relator and the district attorney, that the only evidence which can be offered will be of verbal threats. This being so, the result of a trial would necessarily be, if the foregoing construction of the statute is proper, the discharge of the defendant.

It follows that the writ should be allowed and the defendant discharged from custody, and an order to that effect may be entered.

Ordered accordingly.

---

## NOTE ON EXTORTION.

### GENERALLY.

It is not the actual sentence but the possible one which determines the grade of the offense. People v. Borges, 6 Abb. Pr. 132.

"Blackmail" is synonymous with "extortion." Edsall v. Brooks, 17 Abb. Pr. 226.

The procuring of money from another, with his consent, obtained by fear induced by a threat to do or continue an unlawful injury to his property, by continuing a boycott, constitutes the crime. People v. Wilzig, 4 N. Y. Crim. 403.

Obtaining money from another with his consent, induced by a threat to injure the business of the individual threatened, by persuading his employees to absent themselves from work. People v. Barondess, 8 N. Y. Crim. 376.

An injury to one's business is an injury to property, within the Code definition of the crime. People v. Hughes, 8 N. Y. Crim. 448.

Is a felony under the definition of the Penal Code. People v. Hughes, 9 N. Y. Crim. 277.

Fear, such as will constitute extortion, may be induced by a threat to

do an unlawful injury to the person or property of the individual threatened.   People v. McLaughlin, 11 N. Y. Crim. 524.

### INDICTMENT.

"Extorsively" is a technical word used in indictments for extortion. Bouvier's Law Dictionary.

The technical words in an indictment for extortion at common law are "extort" and "by color of office."   Leeman v. State, 35 Ark. 438.

Held insufficient, where alleging that defendants did "demand and receive fees more than was due."   State v. Couch, 40 Mo. App. 325.

Essential to allege, and upon trial to prove, wilful and corrupt intent. State v. Pritchard, 107 N. C. 921.

If for fees charged in excess of those allowed by law, indictment must show the excess and the legal charge.   People v. Rust, 1 Caine, 131.

It is sufficient if it is alleged that the defendant made some one of the threats which the law declares to be unlawful, without setting out how he proposed to carry out such a threat.   People v. Vidaver, 22 N. Y. Crim. 434.

Against school directors for conspiracy to commit, by taking fees and rewards for procuring the election of persons to the position of school teacher, is not bad because it does not contain the words "extort" or "extorsively," as descriptive of the offense.   Com. v. Brown, 23 Pa. Sup. Ct. 470.

### ATTEMPT TO COMMIT.

A conviction for an attempt to commit cannot be sustained where the evidence conclusively shows the absence, on the part of the person against whom the crime is attempted, of a state of mind necessary to make possible the perpetration of the crime attempted.   People v. Gardner, 9 N. Y. Crim. 124.

A threat by the president of a labor union, who has control of the actions of the members, to continue a strike after all legitimate differences have been settled, unless the contractor gives a certain sum of money to the defendant, is a threat to do an unlawful injury to property within the meaning of the statute.   People v. Weinseimer, 20 N. Y. Crim. 537.

Where a threat is made with intent to commit the crime and tends, but

fails, to effect its commission, it is plainly within the statute an attempt to commit the crime. People v. Gardner, 9 N. Y. Crim. 404.

Where there was no pretense that the complainant was induced by the threats of defendant to give the money to him, it does not constitute extortion or an attempt to commit the crime. People v. Gardner, 9 N. Y. Crim. 124.

## EVIDENCE.

It appearing by the evidence on both sides that defendant was substantially the representative of striking workmen, and made propositions on their behalf, to show what demands were made by defendant on behalf of the strikers, evidence was given of what was said at one of their meetings in reference to the conditions upon which they would resume their employment, *held*, that such testimony was proper for the purpose of showing what they insisted upon and what the defendant endeavored to secure in their behalf. People v. Barondess, 8 N. Y. Crim. 376.

Evidence that prior to the offense charged the defendant threatened to call a strike on the same building when the work was in the hands of another contractor unless money was paid to him, is admissible to show intent to do unlawful injury to the complainant's property and to show a previously conceived plan to commit the crime. People v. Weinseimer, 20 N. Y. Crim. 537.

## DEFENSE.

Usage is not a defense, in case of trial for asking excessive fees. Com. v. Dennie, Thach. Crim. Cas. (Mass.) 165.

## TRIAL.

It is not error to refuse to charge that the jury cannot consider the statement of the former contractor that the defendant asked him for money as corroborative of the testimony of the complaining witness, when no request is made that the jury should be instructed that the evidence should be limited to the question of motive and intent, especially so when the court subsequently charges that there is no direct testimony corroborating the statement of the complaining witness that he was asked for money at the date of the extortion. People v. Weinseimer, 20 N. Y. Crim. 537.