PEOPLE ex rel. PERRY v. GILLETTE, Sheriff.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1910.)

THREATS (§ 1*)—"EXTORTION"—"BLACKMAIL"—STATUTES.

 One attempting to obtain money from another with his consent by the wrongful use of fear, and a verbal threat to publicly accuse him of adultery, is guilty of the felony of an attempt to commit "extortion," defined by Penal Law (Consol. Laws, c. 40) §§ 850, 851, as the obtaining of property from another with his consent induced by wrongful use of fear and by a threat to accuse him of any crime, and is not guilty of the misdemeanor denounced by section 857, providing that a person who verbally makes such a threat as would be criminal if made in writing is guilty of a misdemeanor, which applies only to "blackmail," defined by section 856 as the extorting of money from another by any writing threatening to accuse a person of crime, for the threats under sections 850, 851, may be written or verbal.

 [Ed. Note.—For other cases, see Threats, Cent. Dig. § 1; Dec. Dig. § 1.* For other definitions, see Words and Phrases, vol. 1, pp. 806, 807; vol. 3, pp. 2622–2624.]

 McLennan, P. J., and Robson, J., dissenting.

Appeal from Monroe County Court.

Application for writ of habeas corpus by the People, on the relation of Charles Perry, against Willis K. Gillette, as Sheriff of Monroe

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

County, for the discharge of relator from custody. From an order sustaining the writ and discharging relator (66 Misc. Rep. 516, 124 N. Y. Supp. 420), the People appeal. Reversed, and relator remanded.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Howard H. Widener and Charles B. Bechtold, for the People.
Louis E. Fuller, for respondent.

WILLIAMS, J. The order should be reversed, and the relator remanded to the custody of the sheriff.

The relator was in custody upon a bench warrant issued upon an indictment and sought his discharge upon the ground that at the time the indictment was found he was under arrest upon a warrant issued by the police justice of the city of Rochester for a misdemeanor in committing the same act charged as a felony in the indictment, and that the crime was correctly charged as a misdemeanor, of which the Police Court had exclusive jurisdiction. The only question raised upon this appeal by the appellant is whether the crime charged was a felony or a misdemeanor. Other questions were raised before the special county judge and were considered by him in his opinion, but only this one question is here submitted for our determination. If the crime was a misdemeanor merely, the order should be affirmed; if a felony, it should be reversed.

The indictment, in brief, accused the relator and one Gano of the crime of an attempt to commit the crime of extortion, in that they with force and arms did feloniously and extorsively attempt to obtain from one Stillson with his consent $500; such consent being intended to be induced by the wrongful use of fear, and a threat to publicly accuse him of a crime, the having had sexual intercourse with a woman not his wife, he then and there being married to a third person, Alice Stillson, against the form of the statute in such case made and provided, etc. It is agreed that the threats were verbal and not written, and that the relator had been arrested and brought before the police justice, and the indictment was found during the interval in which he was awaiting examination. "Extortion" may be committed by obtaining property from another, with his consent, induced by a wrongful use of fear. Penal Law (Consol Laws, c. 40) § 850. And this fear may be induced by a threat to accuse him of a crime. Penal Law, § 851. The punishment for extortion is imprisonment not exceeding 15 years. Penal Law, § 852. "Blackmail" may be committed by sending or delivering a letter or writing threatening to accuse another person of a crime, with intent to extort property from him, and is punishable by imprisonment for not more than 15 years. Penal Law, § 856. And then by section 857 of the Penal Law it is provided that a person who, with intent to extort or gain money or other property, verbally makes such a threat as would be criminal under any of the foregoing sections of the article (commencing with section 850), if made in writing, is guilty of a misdemeanor. The threat under the extortion section may be written or verbal. Under the blackmail section it must be written. The making of a verbal threat such as if in writing would

constitute blackmail would be a misdemeanor, under section 857. We can hardly suppose, however, that the making of a verbal threat such as would constitute extortion under sections 850, 851, would be a misdemeanor, because if in writing as well as verbal it would be extortion. It could not have been the design of the Legislature to make the same act both a misdemeanor and a felony punishable by 15 years' imprisonment.

The special county judge holds that, if the threat in extortion is verbal merely, it is only a misdemeanor; that in order to be a felony it must be a written threat, as well as the threat in blackmail. It seems to us this will not answer. If the Legislature intended to provide that the threat must be written in order to constitute extortion, it would have so provided. Extortion and blackmail are punishable to the same extent, 15 years. In extortion property must be actually obtained. In blackmail there need not be any property secured at all. The severity of the crime as regards the threat is in the fact of its being written instead of verbal. This consideration seems to have made the two crimes equally severe, and so to call for the same punishment. Section 857 evidently was intended to refer to blackmail alone and to provide that where the threat was verbal, and no property was obtained, the crime should be merely a misdemeanor. That would be a reasonable provision; but, as already stated, there could have been no design by the Legislature to make the same act both a misdemeanor and a felony, and that in sections so nearly together as 850, 851 and 857.

Again, this latter section deals alone with threats, not with obtaining property by means of the threats, and the securing of property is an important element in the crime of extortion under sections 850, 851. Section 857 does not provide if property is obtained by a verbal threat the crime shall be misdemeanor, but if the threat shall be verbal it shall be such lower crime. While in the case of People v. Gardner, 144 N. Y. 119, 38 N. E. 1003, 28 L. R. A. 699, 43 Am. St. Rep. 741, the indictment was under the Penal Code, yet it is some indication of the views of the Court of Appeals as to the crime of attempted extortion. The indictment under which the relator was held charges the crime under the Penal Law of an attempt to commit extortion, a felony punishable by imprisonment for 15 years. Section 2 and sections 851, 852. The punishment for the crime charged in the indictment is not to exceed seven years and six months.

We think the order should be reversed, and the relator remanded to the custody of the sheriff. All concur, except McLENNAN, P. J., and ROBSON, J., who dissent.