(77 Misc. Rep. 13.)

PEOPLE ex rel. BURKE v. McLAUGHLIN, Warden of City Prison.

(Supreme Court, Special Term, Kings County.   May 15, 1912.)

1. GRAND JURY (§ 41*)—PROCEEDINGS—SECRECY.
    The relator, in habeas corpus in a court other than that by which he is imprisoned under an order on an indictment by the grand jury, is not entitled to call the stenographer of the grand jury to show the evidence adduced before them.
    [Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. § 41.*]

2. HABEAS CORPUS (§ 94*)—SCOPE OF INQUIRY—PROCEEDINGS BEFORE MAGISTRATE.
    The relator, in habeas corpus to inquire into the cause of his detention, may show that the evidence before the committing magistrate was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

insufficient to give the magistrate jurisdiction over the subject-matter or over the person of the one detained.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 82–92; Dec. Dig. § 94.*]

3. HABEAS CORPUS (§ 1*)—NATURE OF WRIT.

The writ of habeas corpus is not a writ of review.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

4. HABEAS CORPUS (§ 41*)—RIGHT TO REMEDY—COURTS.

A prisoner may not be discharged from custody by habeas corpus in a tribunal without power to vacate the order of commitment, or to dispose of the indictment upon which it was issued.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 34; Dec. Dig. § 41.*]

Petition for habeas corpus by the People of the State of New York, on the relation of Harry Burke, against William McLaughlin, as Warden of the City Prison. Writ dismissed, and relator remanded.

Robert H. Elder, for relator.

James C. Cropsey, Dist. Atty. (Hersey Egginton, of counsel), for defendant.

STAPLETON, J. The relator is detained in the city prison. He presented to the Special Term of the Supreme Court, sitting in the county in which he is detained, a petition for a writ of habeas corpus to inquire into the cause of his imprisonment. The defendant made a return that the relator was held pursuant to the order of the County Court of Kings County, in which an indictment presented by the Kings county grand jury had been filed, accusing the relator of the crime of murder in the first degree.

The relator traversed the return, stating that the commitment or order, as well as the indictment which formed the basis thereof, is null and void, alleging: First. The relevant, material, and competent evidence adduced before the grand jury, which has presented such indictment, was insufficient to show that the relator was guilty of the crime of murder, or of any other crime. Second. That evidence that was illegal, immaterial, incompetent, and irrelevant was adduced before the grand jury against the relator, which improperly influenced them in their action in the premises. What may well be questioned is assumed: That a proper issue is thus raised.

[1] The relator insists that he may call the stenographer of the grand jury to sustain on his part the issue, and that if it be found that there was no evidence, or insufficient evidence, of the crime pleaded, he is entitled to his discharge. He contends that his design can be accomplished in a proceeding instituted by a writ of habeas corpus. In 1825, in Ex parte Tayloe, 5 Cow. 39, 50, Chief Justice Savage was careful to suggest an indictment as a barrier to an investigation in habeas corpus proceedings, while contending that depositions might be examined.

The Supreme Court, in 1841, in People v. McLeod, 1 Hill, 377, 37 Am. Dec. 328 (s. c. 25 Wend 483), decided that in no case, in a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

hearing in habeas corpus proceedings, will the court go behind the indictment to inquire into the merits. The authority of that determination has been unquestioned by the bench, has for over 70 years been accepted as establishing a guiding principle for the bar, and has provoked, so far as I am aware, no dissent, except in the Matter of Klein, 17 Misc. Rep. 107, 39 N. Y. Supp. 873, cited by the learned counsel for the relator, and in People ex rel. Pickard v. Sheriff, 11 Civ. Proc. R. 172, 179.

[2] It is true that in the Matter of Klein there are some instructive observations by the learned writer of the opinion which compel respect and reflection, but which can hardly be claimed to be essential to the conclusion at which he arrived. The tenet there expressed did not ripen into the vitality of an experiment. It was based upon no authority, except a prior opinion of the same eminent justice. That opinion did not touch the point in question, but announced a rule of procedure that is now well established; that is, that a relator may show, in proceedings to inquire into the cause of detention, that the evidence before the committing magistrate did not give the magistrate jurisdiction over the subject-matter or over the person of one charged before him. Ex parte Tayloe, supra; People ex rel. Bungart v. Wells, 57 App. Div. 140, 68 N. Y. Supp. 59; People ex rel. Lanci v. O'Reilly, 129 App. Div. 522, 524, 114 N. Y. Supp. 258; Matter of Henry, 13 Misc. Rep. 734, 35 N. Y. Supp. 210. In People ex rel. Pickard v. Sheriff, the question presented here was not decided nor involved.

[3] The learned counsel for the relator insists that the foundation for the ancient rule was that in olden days no minutes were kept of the proceedings of the grand jury, leaving no record which could constitute evidence upon a hearing; that now minutes *are* kept, and the reason upon which the distinction depended is destroyed. This contention involves the erroneous assumption that the writ is one of review. People ex rel. Bungart v. Wells, supra. It involves the further assumption, equally untenable, that the sole reason for the rule adopted in the McLeod Case was the embarrassing circumstance of lack of evidence. It is too much to say that the embarrassment has been removed.

It may be observed that a stenographer appointed to take the testimony given before a grand jury is required to furnish to the district attorney a full copy of all such testimony as the district attorney shall require, and is inhibited, under a penalty as for a misdemeanor, from permitting any other person to take a copy of the same, or any portion thereof, or from reading the same, or any portion thereof, except upon the written order of the court, duly made after hearing the district attorney. Sections 952p, 952t, 952u, Code of Criminal Procedure. I have no doubt that the court indicated is the court having control of the trial of the indictment. I am inclined to deny the power of any tribunal to compel the stenographer to do an act which, without the authorization of a court having jurisdiction, would be a misdemeanor.

When an indictment is found, the defendant must be arraigned thereon before the court in which it is found, or before the court to which it is sent or removed. Section 296, Code of Criminal Procedure. The report of the McLeod Case will be searched in vain for a statement that the circumstance adverted to was the sole foundation for the rule. Other substantial reasons are stated in People v. Glen, 173 N. Y. 395, 66 N. E. 112:

"An indictment is a record of a court, which imports absolute verity until properly impeached." People v. Hulbut, 4 Denio, 133, 136, 47 Am. Dec. 244.

"The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary." People v. Glen, 173 N. Y. 395, 403, 66 N. E. 112, 115.

"And there is no method by which the proceedings of a grand jury can be reviewed, except by motion to dismiss an indictment or in arrest of judgment." People v. Dimick, 107 N. Y. 15, 14 N. E. 178.

"But our courts have also always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony. U. S. v. Coolidge, 2 Gall. 364, Fed. Cas. No. 14,858; People v. Restenblatt, 1 Abb. Prac. 268; People v. Briggs, 60 How. Prac. 17. This power is based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution. It is a power which the Legislature can neither curtail nor abolish, and to the extent that legislative enactments are designed to effect either of these ends they are unconstitutional."

[4] A prisoner may not be discharged from custody by a tribunal without power to vacate the order of commitment or to dispose of the indictment upon which it was issued. With an apparently valid indictment for murder found against him, an accused may not be at large pending trial in a court having jurisdiction of his person and of the subject-matter of the action. See People ex rel. Sherwin v. Mead, 28 Hun, 227, 233; People v. Rulloff, 5 Park, Cr. R. 77; Church on Habeas Corpus (2d Ed.) § 244.

The prisoner has an adequate remedy, for every complaint he asserts, in the established constitutional and statutory criminal procedure of the state, without offense to the orderly administration of justice, without a breach of the salutary regulations with which the beneficent writ of habeas corpus has been surrounded, and without the introduction into our precedure of a new method by which the minutes of a grand jury may be inspected.

A final order may be entered, dismissing the writ, and remanding the relator to the lawful custody whence he was produced.