PEOPLE ex rel. MOORE v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

1. CRIMINAL LAW (§ 87*)—JURISDICTION—INFERIOR COURTS—MISDEMEANORS—
INDICTMENT "IN THE FIRST INSTANCE."

Under Laws 1910, c. 659, governing the inferior criminal courts of the city of New York, and declaring, in section 31, that the Special Sessions shall have jurisdiction in the first instance of all charges of misdemeanor committed in the city, but that the court shall be divested of jurisdiction, if, before the trial, a grand jury shall present an indictment against the same person for the same offense, the jurisdiction of the Special Sessions over misdemeanors is ipso facto divested on the presentment of an indictment before the commencement of the trial in the Special Sessions; but courts of record are not deprived of jurisdiction by a grand jury to indict for a misdemeanor, though no prosecution is pending in the Special Sessions; the words "in the first instance" not indicating that the proceeding must have been instituted in the Special Sessions before an indictment can be presented by a grand jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 306–310; Dec. Dig. § 87.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. HABEAS CORPUS (§ 30*)—QUESTIONS REVIEWABLE—SUFFICIENCY OF INDICT-
MENT—EVIDENCE.

   Where the Court of General Sessions had jurisdiction over the crime
   and accused, and its grand jury returned an indictment valid on its
   face, habeas corpus will not lie to question the sufficiency of the indict-
   ment or the sufficiency of the evidence on which the grand jury acted,
   but the remedy of accused is by motion to set aside the indictment on
   the grand jury minutes, inspection of which he had obtained by order of
   court, and to review the error, if any, in the overruling of the motion by
   appeal from a final judgment, or by motion in arrest of judgment.

   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec.
   Dig. § 30.*]

Appeal from Special Term, New York County.

Habeas corpus by the People, on the relation of James L. Moore,
against the Warden of the City Prison. From an order dismissing
the writ and remanding relator, he appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN,
CLARKE, SCOTT, and DOWLING, JJ.

P. Henry Delehanty, of New York City (Sumner B. Stiles, of New
York City, of counsel), for appellant.

Charles S. Whitman, Dist. Atty., of New York City (Stanley L.
Richter, of New York City, of counsel), for respondent.

CLARKE, J. Relator is held upon a commitment by the Court of
General Sessions of the Peace upon an indictment which sets forth:

"The grand jury of the county of New York, by this indictment, accuse
Charles Meyer of the crime of extortion, committed as follows: Heretofore,
to wit, on the 1st day of April, in the year of our Lord, one thousand nine
hundred and eleven, one Michael Mindziak was lawfully employed and en-
gaged in the business and occupation of working for one Philip Kruder, as a
foreman in charge of certain laborers, and workmen who were then engaged
in painting and decorating the interior of a certain building situate at Ninety-
Eighth street and Broadway, in the borough of Manhattan, of the city of
New York, in the county of New York, aforesaid, all of which he, the said
Charles Meyer, then and there well knew. And on the day and in the
year aforesaid, at the borough and county aforesaid, the said Charles Mey-
er, late of the borough and county aforesaid, the sum of twenty-five dollars
in money, lawful money of the United States of America and of the value
of twenty-five dollars, of the proper moneys and personal property of the
said Michael Mindziak feloniously did obtain from said Michael Mindziak,
with his consent, such consent being then and there by him, the said Charles
Meyer, induced by wrongful use of fear, to wit, fear on the part of the said
Michael Mindziak then and there by him, the said Charles Meyer, induced by
means of a threat by him, the said Charles Meyer, then and there made to
the said Michael Mindziak to do an unlawful injury to the property of the said
Michael Mindziak, that is to say, to injure, annoy, harass and obstruct him,
the said Michael Mindziak, in his said business and occupation and to prevent
him from properly, freely and profitably carrying on the same, and to prevent
and hinder him from properly performing the work, labors, and duties nec-
essary and requisite therefor, unless he, the said Michael Mindziak, gave
to him, the said Charles Meyer, the said sum of money, against the form of
the statute in such a case made and provided and against the peace of the
people of the state of New York and their dignity."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After the finding of the indictment, relator made a motion for inspection of the minutes of the grand jury, which said motion was granted. He thereafter made a motion before the General Sessions to set aside the indictment on the minutes of the grand jury, which said motion was denied. He was thereafter arraigned for pleading, and upon said arraignment standing mute, by direction of the court a plea of not guilty was entered. Bail was fixed, which was given, but he was subsequently surrendered by his surety and then obtained from the Supreme Court a writ of habeas corpus.

Stated briefly, his claim is that the indictment charges him with a felony, to wit, the crime of extortion; that the minutes of the grand jury disclose that the evidence before that body did not support the indictment because it appeared that the threats alleged were not made in writing, and the payment of the money obtained by means thereof was not induced by the wrongful use of fear, because it was paid in bills marked by a police officer in an endeavor to entrap the defendant; that therefore upon the evidence offered before the grand jury a charge of misdemeanor only was established, under section 857 of the Penal Law (Consol. Laws 1909, c. 40) as it existed at the time of the acts complained of, and so the grand jury was without jurisdiction to find the indictment which it returned, and he is therefore illegally and without due process of law deprived of his liberty.

[1] As relator relies mainly upon People ex rel. Perry v. Gillette, 200 N. Y. 275, 93 N. E. 953, it is necessary to examine that case with some care. As appears in 66 Misc. Rep. 516, 124 N. Y. Supp. 420, where the opinion was written by Special County Judge Barhite, relator was indicted by the grand jury of Munroe county for the crime of an attempt to commit the crime of extortion.

"The relator is in the custody of the sheriff, pursuant to a bench warrant issued upon said indictment, and he asks to be discharged upon the ground that, at the time when the indictment was found, he was under arrest upon a warrant issued by the police justice of the city of Rochester for the same crime as that charged in the indictment, and, that as the crime charged is a misdemeanor, the police court had exclusive jurisdiction. * * * It is conceded by the district attorney that, if the crime charged in the indictment is a misdemeanor, inasmuch as the defendant was first arraigned in the police court, the grand jury and county court have no jurisdiction. That conclusion is properly made. By section 468 of the City Charter, the police court has in the first instance exclusive jurisdiction to try and determine all offenses of which courts of Special Sessions have exclusive jurisdiction, when such offenses are committed within the city, and has exclusive jurisdiction in the first instance to try for any other misdemeanor committed in the city by any person who is brought before the court. A charge of misdemeanor pending before a police court or police justice may be removed to a court sitting with a grand jury, but only as provided by section 473 of the Charter. * * * The indictment is proper in form and alleges sufficient to sustain proof of the crime charged against the defendant. It does not appear, however, by the pleading, whether the threats made by the defendant were written or verbal. It is conceded, however, both by the attorney for the relator and the district attorney, that the only evidence which can be offered will be of verbal threats. This being so, the result of a trial would necessarily be, if the foregoing construction of the statute is proper, the discharge of the defendant. It follows that the writ should be allowed and the defendant discharged from custody."

In the Appellate Division (140 App. Div. 27, 124 N. Y. Supp. 470), the only question discussed was the statute respecting extortion. In the Court of Appeals (200 N. Y. 275, 93 N. E. 953), Hiscock, J., said:

"This appeal involves the question whether an unsuccessful attempt to extort money by means of verbal threats is a misdemeanor or a felony. * * * The appellant and another attempted to extort money from one Stillson by means of verbal threats to accuse him of a crime and to inform others thereof. While the intended victim paid money in apparent response to these threats, he did this really acting in concert with the police authorities for the purpose of entrapping the accused and his companion, and therefore the crime of extortion was not consummated, but the acts charged amounted to an attempt to commit such offense. People v. Gardner, 144 N. Y. 119 [38 N. E. 1003, 28 L. R. A. 699, 43 Am. St. Rep. 741]. The appellant was arrested and taken before the police justice of the city of Rochester and held awaiting examination. Pending this he was indicted by the grand jury and arrested by the respondent on a bench warrant. If his offense was a misdemeanor, he should have been tried in police court; if it was a felony, he was properly indicted and taken into custody by respondent, and this writ should be dismissed."

It thus appears that the question being tested upon that writ of habeas corpus was purely a question of jurisdiction—the jurisdiction of the court, which found the indictment, over the person of the defendant and the crime. The indictment there under consideration clearly charged an attempt to commit extortion:

"The construction which we have adopted only applies to a mere attempt to commit extortion by verbal threats; the consummated act of extortion remains a felony as before whether accomplished by verbal or written threats."

That is, the court held that a person who by verbal threats obtained money, the element of fear being lacking, because the payment had been made in an endeavor to entrap the extortioner, had committed a misdemeanor. Of this offense the police court of Rochester had exclusive jurisdiction. The defendant was in its custody when the indictment was found, and he was taken from its custody by the bench warrant, and the Court of Appeals held that, as the court which found the indictment under these circumstances was without jurisdiction, the defendant was properly discharged on the writ of habeas corpus.

Under the City Charter of Rochester, the exclusive jurisdiction of the police court over misdemeanors could only be interfered with by the filing of a certificate of the county judge or a justice of the Supreme Court that it was reasonable that such charge be prosecuted by indictment as provided by sections 57 and 58 of the Code of Criminal Procedure. But under chapter 659 of the Laws of 1910, governing the inferior criminal courts in the city of New York, section 31 thereof provides:

"The Special Sessions shall have jurisdiction in the first instance to hear and determine all charges of misdemeanor committed within the city of New York, except charges of libel. The court shall, however, be divested of jurisdiction to proceed with the hearing and determination of any charge of misdemeanor in either of the following cases: * * * (b) If, before the commencement of a trial of any person accused of a misdemeanor, a grand jury shall present an indictment against the same person for the same offense."

And subdivision "c" provides similar provision for removal by certification to those contained in the Criminal Code of Procedure referred to in section 473 of the City Charter of Rochester.

So that in the city of New York it is expressly provided that the jurisdiction of the Special Sessions over misdemeanors shall be ipso facto divested upon the presentment of an indictment by the grand jury. In People v. McCarthy, 168 N. Y. 549, 61 N. E. 899, in construing these provisions, the Court of Appeals distinctly held that the only limitation to the right of a grand jury to present an indictment was that it must be presented before the commencement of the trial in the Special Sessions; that when the indictment was found its effect was to divest the Special Sessions of jurisdiction; that it was not the intent of the Legislature to deprive courts of record of jurisdiction by a grand jury to indict for a misdemeanor, although no prosecution was pending in the Special Sessions; and that the words "in the first instance" did not indicate that the proceeding must have been instituted in the Special Sessions before an indictment could be presented by a grand jury.

Further, it does not appear in this record, as it did in the Perry Case, supra, that any proceedings had ever been instituted against the relator in the Court of Special Sessions. So that case presented an entirely different question from that at bar and one legitimately within the sphere of habeas corpus proceedings, in that the question being tested was the jurisdiction of the court to issue the mandate upon which the prisoner was held.

[2] In the case at bar there is no such question. The Court of General Sessions had jurisdiction over the crime and the defendant, and its grand jury returned an indictment valid upon its face. The question here presented is whether, when an indictment valid on its face has been returned in a court of competent jurisdiction, habeas corpus will lie to question the sufficiency of the indictment or the sufficiency of the evidence before the grand jury upon which it acted.

This question has been very recently considered by Mr. Justice Stapleton in People ex rel. Burke v. McLaughlin, 136 N. Y. Supp. 122, in an opinion handed down May 15, 1912, with a careful examination of the authorities. He said, inter alia:

"In 1825, in Ex parte Tayloe, 5 Cow. 39, 50, Chief Justice Savage was careful to suggest an indictment as a barrier to an investigation in habeas corpus proceedings. * * * The Supreme Court, in 1841, in People v. McLeod, 1 Hill, 377 [37 Am. Dec. 328], and Id., 25 Wend. 483 [37 Am. Dec. 328], decided that in no case in a hearing in habeas corpus proceedings will the court go behind the indictment to inquire into the merits"—and dismissed the writ.

In Re Lancaster, 137 U. S. 393, 11 Sup. Ct. 117, 34 L. Ed. 713, the United States Supreme Court denied an application for leave to file a petition in habeas corpus; the petitioner having been indicted and in custody. The court said:

"They have not invoked the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise, but ask leave to file in this court a petition for a writ of habeas corpus upon the ground that the matters and things set forth and charged did not constitute any offense or offenses under the laws of the United States or cognizable in the Circuit

Court, and that for other reasons the indictment cannot be sustained. In this posture of the case we cannot interfere."

In Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399, the court said:

"It is urged that the indictment had been improperly found by reason of the admission before the grand jury of Wadley's deposition in the civil case, but even if what passed in the grand jury room can be inquired into on a writ of habeas corpus, and this we do not concede, the remedy for such misconduct must be sought in the court having control and jurisdiction over the proceedings."

In Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303, the court said:

"It is settled that the writ of habeas corpus will not issue unless the court, under whose warrant petitioner is held, is without jurisdiction and that it cannot be used merely to correct errors. Ordinarily the writ will not be granted when there is a remedy by writ of error or an appeal."

The petition averred that the indictment charged no offense punishable under the laws of the United States. The court proceeded:

"Defendant might have raised his objection to the indictment by motion to quash or otherwise. If the indictment were held good, * * * defendant would have pleaded and gone to trial and might have been acquitted. If convicted, the remedy by writ of error was open to him"—and remanded, with directions to quash the writ of habeas corpus.

And in Matter of Gregory, 219 U. S. 213, 31 Sup. Ct. 143, 55 L. Ed. 184, Mr. Justice Hughes said:

"The only question before us is whether the police court had jurisdiction. A habeas corpus proceeding cannot be made to perform the function of a writ of error, and we are not concerned with the question whether the information was sufficient or whether the acts set forth in the agreed statement of facts constituted a crime; that is to say, whether the court properly applied the law, if it be found that the court had jurisdiction to try the issues and to render the judgment."

In People v. Glen, 173 N. Y. 395, 66 N. E. 112, the court said:

"There is no method by which the proceedings of a grand jury can be reviewed, except by motion to dismiss an indictment or in arrest of judgment. People v. Dimick, 107 N. Y. 13 [14 N. E. 178]. * * * An indictment is a record of the court which imports absolute verity until properly impeached. People v. Hulbut, 4 Denio, 133, 136 [47 Am. Dec. 244]. The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary."

In People v. Sexton, 187 N. Y. at page 511, 80 N. E. at page 402 (116 Am. St. Rep. 621), the court said:

"Whenever it clearly appears, therefore, that the legal evidence received by a grand jury is insufficient to support an indictment; or that illegal evidence is the sole basis for an indictment, the person indicted has a constitutional right to make a motion to dismiss. * * * The right to make a motion upon these substantial grounds, and to have it decided in the first instance, necessarily implies the right to have a review of an adverse decision, at least in the absence of any statutory limitation, and so we will treat this as one of the questions that may be reviewed by this court upon appeal from a judgment of conviction in a capital case."

Upon these authorities we hold that neither the sufficiency of the indictment nor the sufficiency of the evidence before the grand jury in the case at bar could be inquired into in a proceeding upon a writ of habeas corpus. The relator had an adequate remedy provided by law, of which he availed himself. He moved to set aside the indictment on the grand jury minutes, inspection of which he had previously obtained by order of the court. This motion having been denied, it cannot be reviewed upon habeas corpus. The court had jurisdiction over the motion, and, if error was committed, it was in the exercise of that jurisdiction, and is to be reviewed and corrected only in the manner provided, by appeal from the final judgment, as clearly held in the Sexton Case, supra.

He has another method of raising the question upon the trial by a motion in arrest of judgment. In a particularly hard case (People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, 139 Am. St. Rep. 801), the Court of Appeals refused relief by way of habeas corpus, saying:

"The relator's remedy was to move in arrest of judgment, and upon the denial of that motion, if it were denied, he could review the action of the trial court upon appeal. There was not, however, such an utter lack of jurisdiction or power to pronounce judgment as to entitle the relator to relief by habeas corpus."

An interesting question is presented by the indictment as to whether, under it, the relator could properly be convicted of an attempt; but, as that is not before us on this proceeding, we decline to pass upon it.

The order dismissing the writ and remanding the relator should be affirmed. All concur.