THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. CHILDS, Appellant, *v.* DAVID H. KNOTT, Sheriff of the County of New York, et al., Defendants; THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

**Habeas corpus — not proper procedure to review sufficiency of indictment — demurrer or motions in trial court proper practice.**

Where the court in which indictments are found and presented has jurisdiction of the class of offenses charged, it must in the first instance determine the validity of such indictments, and questions as to their sufficiency are not reviewable by habeas corpus. The proper procedure is by demurrer or motions in the trial court.

*People ex rel. Childs* v. *Knott*, 187 App. Div. 604, affirmed.

(Argued January 26, 1920; decided April 20, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 23, 1919, which reversed an order of Special Term sustaining a writ of habeas corpus, dismissed said writ and remanded relator to custody.

*John B. Stanchfield, Nathan L. Miller, Charles E. Rushmore, Isidor J. Kresel* and *Harland B. Tibbetts* for appellant.

*Edward Swann, District Attorney (Robert S. Johnstone, Robert D. Petty* and *Felix C. Benvenga* of counsel), for respondent.

*Per Curiam.* The questions presented as to the sufficiency of the indictments cannot be considered by us at this time. The procedure adopted does not permit of such a review. Whether section 560 of the Election Law provides the only remedy for a failure to file the required statement and whether this remedy is legal, and the further question whether subdivision 12 of section 751 of the Penal Law applies to general elections as well as to primaries cannot be raised in this case by writ of habeas corpus.

The court in which the indictments were found and presented has jurisdiction of this class of offenses, and must in the first instance determine the validity of the indictments.

If every question regarding the sufficiency of an indict-

ment were reviewable by habeas corpus, the practice as outlined in the Code of Criminal Procedure would soon be a nullity.

There may be cases where the crime charged or the facts stated are so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus.

In a case like this, however, the proper procedure is by demurrer or motions in the trial court. (*People ex rel. Scharff* v. *Frost*, 198 N. Y. 110, 115; *People ex rel. Danziger* v. *Prot. Epis. House of Mercy*, 128 N. Y. 180; *People ex rel. Moore* v. *Warden, etc.*, 150 App. Div. 644; *Henry* v. *Henkel*, 235 U. S. 219, 229; *Ex parte Watkins*, 3 Pet. 193; *In re Coy*, 127 U. S. 731.)

For the reason here stated, and for that only, the order appealed from should be affirmed, without costs.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Order affirmed.