THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUCY LIEB, Relator, against GEORGE C. SMITH, as Sheriff of Ulster County, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LUCY LIEB, Relator, against GEORGE C. SMITH, as Sheriff of Ulster County, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROSE CHANSKY, Relator, against GEORGE C. SMITH, as Sheriff of Ulster County, Defendant.

County Court, Ulster County, November 1, 1945.

*Joseph Kooperman* for relators.

No appearance for Sheriff of Ulster County.

CASHIN, J. Writs of habeas corpus were duly allowed by this court in the three above-entitled cases on September 27, 1945. The sole question presented in each case is whether or not the writ should be sustained. The facts in the cases are as follows: On August 8, 1945, an information was duly sworn to before Willard H. Peet, a Justice of the Peace of the Town of Wawarsing, Ulster County, New York, charging the defendant, Lucy Lieb, with the crime of disorderly conduct, in violation of subdivision 1 of section 722 of the Penal Law of the State of New York. On the same date, said Justice of the Peace issued a warrant of arrest.

On August 15, 1945, an information was duly sworn to before Willard H. Peet, a Justice of the Peace of the Town of Wawarsing, Ulster County, New York, charging the defendant, Lucy Lieb, with the crime of disorderly conduct, in violation of subdivision 1 of section 722 of the Penal Law of the State of New York. On the same date, said Justice of the Peace issued a warrant of arrest.

On August 15, 1945, an information was duly sworn to before Willard H. Peet, a Justice of the Peace of the Town of Wawarsing, Ulster County, New York, charging the defendant, Rose Chansky, with the crime of disorderly conduct, in violation of subdivision 1 of section 722 of the Penal Law of the State of New York. On the same date, said Justice of the Peace issued a warrant of arrest.

Thereafter and on or about the 26th day of September, 1945, all three warrants of arrest were executed and, on that date, said defendants were committed for examination to the Sheriff of the County of Ulster by the Justice of the Peace, Willard H. Peet.

No other proceedings have ever been had before the Justice of the Peace. That is, there was no motion made to dismiss the informations, no trial and no judgment.

On September 27, 1945, the three above-mentioned writs were allowed and, through arrangement with counsel, the relators were paroled in his custody pending the determination of the matters involved in said writs.

The petitions upon which the writs were allowed are substantially the same. They allege that the imprisonment and restraint were illegal in that the information upon which the warrant of arrest was issued in each case does not charge a crime or state facts sufficient to constitute the crime as charged, and that, by reason thereof, said Justice of the Peace had no jurisdiction to issue said warrants of arrest and has no jurisdiction to hear and determine the alleged charge.

The sufficiency of the informations, as a matter of law, is asked to be determined in the instant proceedings. This court is of the opinion that a writ of habeas corpus is not the proper remedy.

Pursuant to the provisions of the Code of Criminal Procedure and, in particular, subdivision 29-a of section 56 thereof, the offense of disorderly conduct is one which Courts of Special Sessions, in the first instance, have exclusive jurisdiction to hear and determine.

Section 145 of the Code of Criminal Procedure states that the information is the allegation made to a magistrate that a person has been guilty of some designated crime.

It is the opinion of this court that the matters sought to be determined in these proceedings should be raised in the Court of Special Sessions by way of a motion to dismiss the information or by way of an appeal from a conviction thereof, if one be had. The summary remedy of a writ of habeas corpus is not available herein. See *People ex rel. Hubert* v. *Kaiser* (206 N. Y. 46, 52–53) wherein the court said: " In *People ex rel. Danziger* v. *P. E. House of Mercy,* (128 N. Y. 180), it was held that in habeas corpus proceedings the only inquiry is whether the magistrate ' had authority to pronounce a judgment of imprisonment for the cause assigned ' and that, ' if this has been shown, the statute forbids the judge to review the decision of such magistrate.' (Citing *People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559.) "

See, also, *Peo. ex rel. Childs* v. *Knott* (228 N. Y. 608–609) in which the court said: " The court in which the indictments were found and presented has jurisdiction of this class of offenses, and must in the first instance determine the validity of the indictments.

"If every question regarding the sufficiency of an indictment were reviewable by habeas corpus, the practice as outlined in the Code of Criminal Procedure would soon be a nullity.

"There may be cases where the crime charged or the facts stated are so clearly beyond the jurisdiction of the court or so manifestly innocent as to justify the resort to habeas corpus.

"In a case like this, however, the proper procedure is by demurrer or motions in the trial court. (*People ex rel. Scharff* v. *Frost,* 198 N. Y. 110, 115; *People ex rel. Danziger* v. *Prot. Epis. House of Mercy,* 128 N. Y. 180; *People ex rel. Moore* v. *Warden, etc.,* 150 App. Div. 644; *Henry* v. *Henkel,* 235 U. S. 219, 229; *Ex parte Watkins,* 3 Pet. 193; *In re Coy,* 127 U. S. 731.) "

In *Matter of Morhous* v. *N. Y. Supreme Court* (293 N. Y. 131, 137–138) the court said: "We cannot agree with the conclusion that under the law and practice of this State, a person imprisoned under a final judgment of a court which had jurisdiction of the person and general jurisdiction to try the charge and which had not exceeded its jurisdiction, has ever been entitled to a writ of habeas corpus, though the judgment was obtained by fraud or deception or the trial was conducted in manner which failed to satisfy the constitutional requirement of due process."

If the writs of habeas corpus were sustained in these cases, the County Court would be made the forum in the first instance to test, as a matter of law, the sufficiency of any and all informations laid before a justice of the peace in this county. It does not seem to this court that that should be countenanced. There is an orderly procedure laid down in the Code of Criminal Procedure which should be followed. Motions can be made in the trial court to dismiss the information and, if denied, and a conviction had, an appeal can be taken to this court from that conviction. (Code Crim. Pro., §§ 749–769.)

For the reasons above stated, the writs in all three cases are dismissed and the relators remanded to custody.