THE PEOPLE OF THE STATE OF NEW YORK ex rel. MELVILLE COLLINS, Respondent, *v.* WILLIAM MCLAUGHLIN, as Warden of the City Prison in Kings County, Appellant.

**Habeas corpus — important issues not to be determined.**

Except in rare cases where the facts before the court cannot be materially changed, qualified or explained, important issues should not be determined in a habeas corpus proceeding.

*People ex rel. Collins* v. *McLaughlin,* 128 App. Div. 599, appeal dismissed.

(Argued January 6, 1909; decided January 26, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered

November 20, 1908, which affirmed an order of Special Term sustaining a writ of habeas corpus and discharging the relator from custody.

*John F. Clarke, District Attorney* (*Robert H. Elder* of counsel), for appellant.

*Joseph S. Auerbach, De Lancey Nicoll, John B. Stanchfield* and *Charles H. Tuttle* for respondent.

*Per Curiam.* The relator is charged with violating section 351 of the Penal Code, as amended by chapter 507, Laws of 1908, in that he did receive a certain sum of money, to wit, five dollars, bet upon a certain horse race about to be run, and which was run on the Gravesend race track, in the borough of Brooklyn, New York; he was arrested, sued out a writ of habeas corpus, which was duly sustained by the Special Term and Appellate Division, and he is now at liberty.

The district attorney disclaims any responsibility for the preparation of the information upon which the warrant against the defendant was issued, and asserts that he is compelled to make this a test case relating to such important act against his protest. The defendant waived examination when brought before the magistrate and there has been no oral examination of witnesses relating to the facts and circumstances involved. There is great doubt whether the facts in this case have been so carefully and thoroughly developed as to justify a determination of the important questions discussed by counsel in this proceeding. We are of the opinion that except in rare cases where the facts before the court cannot be materially changed, qualified or explained the determination of important issues ought not to be made in a habeas corpus proceeding, as it is not calculated to thoroughly develop the facts as in the case when a regular trial is had, witnesses examined and cross-examined, alleged errors reviewed on appeal, and counsel present throughout, protecting the interests of both parties.

The Supreme Court of the United States has recently announced its adherence to this doctrine. In *Riggins* v. *United States* (199 U. S. 547, 548), Mr. Chief Justice FULLER states: " Ordinarily the writ will not be granted when there

is a remedy by writ of error or appeal, yet in rare and exceptional cases it may be issued, although such remedy exists." (See, also, *In re Lincoln*, 202 U. S. 178; *Urquhart* v. *Brown*, 205 U. S. 179.)

This appeal must be dismissed, with costs.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Appeal dismissed.