THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* BROOKS B. BRADSHAW, Defendant.

County Court, Madison County, September 24, 1937.

*R. D. Woolsey, District Attorney,* for the plaintiff.

*August Merrill,* for the defendant.

CAMPBELL, J. This is an application to allow the defendant to change a plea of guilty to the crime of petit larceny. He was indicted by the grand jury of Madison county for the crime of grand larceny, second degree. When defendant made his plea of guilty, the attorney who then represented him was not present in court. Sentence was suspended and defendant placed on probation.

Section 337 of the Code of Criminal Procedure provides that the court may, in its discretion, at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty made and entered.

Judgment has not been fixed in this case. The purpose of probation in this matter was to place the defendant on trial as to his conduct and behavior and to allow him to prove his worth, and, if, after a period of time, he demonstrated himself worthy by his conduct, he was to be discharged from further probation, but, on the

other hand, had he proven himself unworthy, a sentence would have been imposed. This procedure is in accordance with section 470-a of the Code of Criminal Procedure.

There being a lapse of more than ten months, the discretion allowing defendant to withdraw his plea should not be exercised unless there is some substantial reason therefor. Since the plea of guilty, it has been brought to the court's attention that the defendant, at the request of his attorney, became a witness before the grand jury that indicted him and that his evidence related to the crime for which he was indicted and later made the plea of guilty.

The district attorney has filed an affidavit in opposition to this motion in which he sets forth the record before the grand jury, as follows: " Q. Mr. Bradshaw, you understand that you have been accused of a crime? A. Yes, sir. Q. And your attorney has requested that you be allowed to come in before the grand jury and make your statement in regard to that matter? A. Yes. Q. And in so doing you waive any immunity you have in reference to such statement? A. I do."

No written waiver was entered or filed as prescribed in section 2446 of the Penal Law. In the affidavit filed by the district attorney no reason is given for failure to have the defendant execute and file a written waiver of immunity. The court assumes that it is the contention of the district attorney that the appearance of the defendant being voluntary and under advice of counsel such waiver was unnecessary. The court has found no case that is exactly decisive on this point, nor has any case been called to the attention of the court by either counsel involving the question at issue. However, it seems that section 2446 applies to all cases in which the defendant is allowed to testify and give material evidence before the grand jury in an investigation which results in his indictment.

*People ex rel. Jannicky* v. *Warden of City Prison* (231 App. Div. 131, 137) is the most enlightening authority on the proposition which the court has found. LAZANSKY, P. J., writes: " In order to avoid the possibility of misunderstanding, fraud or coercion in such an important matter, the Legislature provided for the observance of formalities as the free expression of the act of the person about to testify, entirely removed from outside influence. The waiver is to be signed and acknowledged and filed in the county clerk's office."

This opinion disagrees with the majority opinion of the court only as to the necessity of filing a waiver in the county clerk's office. The same reasoning applies to a defendant whether he

appears voluntarily or under compulsion. It is just as essential in one as in the other that misunderstanding and fraud should be avoided. Of course, his attorney cannot enter the grand jury room with him, and when he testifies it is without the presence of counsel. Only by strict observance of the provisions of section 2446 of the Penal Law can we safeguard against the evil which is so clearly pointed out in *People ex rel. Jannicky* v. *Warden of City Prison (supra).* (See, also, charge by Judge CRAIN in *Matter of Grand Jury,* [Gen. Sess.] 135 N. Y. Supp. 103.)

It is the opinion of the court in view of the record that is provided that to deny this motion would be an abuse of judicial discretion; that a vital constitutional question is involved that defendant should be allowed to urge upon a trial. When and if this case is tried, it may be that this question will be presented to a higher tribunal for review and the question involved clarified. However, the defendant will have had his day in court and his constitutional rights safeguarded.

Therefore, defendant is allowed to withdraw the plea of guilty and substitute a plea of not guilty to the crime charged in the indictment.