The People of the State of New York ex rel. Chester W. Carr, Respondent, against Walter B. Martin, as Warden of Clinton Prison, Respondent.

The People of the State of New York, Appellant.

Argued April 21, 1941; decided June 12, 1941.

*John J. Bennett, Jr.,* Attorney-General (*Henry Epstein, Patrick H. Clune* and *Everett D. Mereness* of counsel), for appellant. The question decided by the Appellate Division was not properly reviewable under a writ of habeas corpus. (*People ex rel. Bailey* v. *McCann,* 222 App. Div. 465; *People ex rel. Levin* v. *Barr,* 232 N. Y. Supp. 849.)

*Morton M. Z. Lynn* for respondent. Habeas corpus is the proper method for relator to seek his release. (*People ex rel. Sherwood* v. *City of Buffalo,* 127 Misc. Rep. 290; *People ex rel. Holt* v. *Lambert,* 237 App. Div. 39; 262 N. Y. 511; *People ex rel. Lichtenstein* v. *Langan,* 196 N. Y. 260; *People ex rel. Childs* v. *Knott,* 187 App. Div. 604; 228 N. Y. 608; *Matter of Marceau,* 32 Misc. Rep. 217; *White* v. *Levine,* 40 Fed. Rep. [2d] 502; *Manning* v. *Biddle,* 14 Fed. Rep. [2d] 518.)

LEHMAN, Ch. J. The relator was indicted by the grand jury of Saratoga county upon charges of grand larceny. The indictment contained five counts. In two counts he

was accused of grand larceny, first degree; in three counts he was charged with grand larceny, second degree. In March, 1940, he pleaded guilty of grand larceny, second degree, as charged in the third count which accused him of the appropriation of five rings " owned by Rose Davin." He was sentenced upon that plea to imprisonment for the term of not less than five years nor more than ten years as a second offender. In habeas corpus proceedings the relator thereafter challenged the jurisdiction of the court to sentence him to imprisonment upon his plea of guilt of that charge.

In his petition for a writ of habeas corpus the relator urges that the court was without jurisdiction and its judgment invalid on many grounds. Upon this appeal we need consider only the allegations " that the complainant herein named as ' Rose Davin ' was and is the defendant's legal lawful wife ' Rose Carr.' " And " that the defendant could not steal his own property and the property alleged to have been stolen is and was the joint property of the petitioner, Charles [Chester] W. Carr, and his legal lawful wife, Rose Davin Carr." The Clinton County Court dismissed the writ. The Appellate Division reversed and sustained the writ, stating: " It appears that he was convicted of the crime of grand larceny for having stolen two rings from his wife. A husband may not be convicted for larceny from his wife." (261 App. Div. 865.)

It has been said that " at common law crimes against the property of another cannot be committed by husband or wife against the property of the other, owing to the unity of husband and wife and the rights of the husband in the property of the wife." (30 Corpus Juris, page 715, and cases there cited.) Under the provisions of the Domestic Relations Law (Cons. Laws, ch. 14) a married woman has " all the rights in respect to property, real or personal * * * and to make contracts in respect thereto with any person, including her husband * * * as if she were unmarried." (§ 51.) " Husband and wife may convey or transfer real or personal property directly, the one to the

other, without the intervention of a third person." (§ 56.) "A married woman has a right of action against her husband for his wrongful or tortious acts resulting to her in any personal injury as defined in section thirty-seven-a of the general construction law, or resulting in injury to her property, as if they were unmarried." (§ 57.) These and other statutes have so changed the status of husband and wife that few vestiges are left of the common-law concept of the unity of husband and wife, or of the husband's right to possess and control his wife's chattels; and it was upon these concepts that the conclusion that neither husband nor wife can commit a crime through appropriation or destruction of the property of the other was based. The question whether that common-law rule survives the statutory changes in the status and mutual rights and obligations of husband and wife is not free from doubt. No such question was raised at the trial of the indictment and we do not reach that question unless it may be raised in habeas corpus proceedings.

A person claiming that he is unlawfully imprisoned is not entitled to a writ of habeas corpus "where he * * * is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction." (Civ. Pr. Act, § 1231.) Here the relator is imprisoned by virtue of the judgment of conviction of the County Court of Saratoga County. That court has general jurisdiction to try indictments for felonies. The indictment sufficiently charges that the relator is guilty of larceny in the second degree committed as set forth therein. The relator pleaded guilty to the charge. The sentence imposed is in accordance with the statute defining the punishment that may be imposed for the offense charged. The relator claims that the judgment is nevertheless void because a husband cannot be guilty of larceny by appropriation of property belonging to his wife and that no court has jurisdiction to pass judgment of imprisonment upon an accused where the acts charged do not constitute a crime.

An order or judgment of a court acting without jurisdiction is entirely void and a person imprisoned by virtue of such an order or judgment may obtain his release by habeas corpus proceedings. A final order or judgment of a court of competent jurisdiction, though erroneous, is not void if the court had jurisdiction of the person of the accused and jurisdiction to try the charge made against him. The statute in express terms places that limitation upon the jurisdiction of a court to examine in habeas corpus proceedings the validity of a sentence of imprisonment passed upon an accused by another court, and even without a statute there are analogous limitations of jurisdiction " arising from the nature and objects of the writ itself, as defined by the common law, from which its name and incidents are derived." (*Matter of Siebold*, 100 U. S. 371.) In that case the Supreme Court of the United States said: " The only ground on which this court, or any court, without some special statute authorizing it, will give relief on habeas corpus to a prisoner under conviction and sentence of another court is the want of jurisdiction in such court over the person or the cause, or some other matter rendering its proceedings void." (p. 375).

In *People* v. *Hislop* (77 N. Y. 331) the defendant was sentenced to imprisonment for an offense for which the penalty prescribed by the statute was a fine and no court had jurisdiction to impose any other punishment. In *People ex rel. Frey* v. *Warden* (100 N. Y. 20) the relator was imprisoned by virtue of a warrant to enforce the collection of a fine imposed by a military court for non-performance of military duty though the relator was not an enlisted man and the military court had no jurisdiction over the relator's person for it is " a fundamental requisite to the jurisdiction of such courts that the persons over whom they attempt to exercise authority shall have been duly enlisted and be legally subject to the obligations of military discipline " (p. 25).

In each of those cases the relator was detained by virtue of a judgment of a court which had no jurisdiction to

determine any question of law or fact affecting the guilt of the relator. In each case the challenge of the lawfulness of the relator's imprisonment was directed to the competency of the court to hold any trial or pass upon any such question. The trial courts there were without any jurisdiction over the proceedings from their inception. There can be no doubt that a person detained under a judgment of a court, which never acquired jurisdiction of the cause which it tried, is entitled to a writ of habeas corpus, and at least in some cases he may show such basic infirmity in the judgment by proof extraneous to the proceedings before the court which granted the judgment. It has been recently held by the Supreme Court of the United States that this practice must be followed where the relator claims that the judgment was based upon a plea of guilty obtained by violation of the constitutional right of the accused. (See *Smith* v. *O'Grady*, 312 U. S. 329.)

Where, as in those cases, a person is detained pursuant to a judgment which is entirely void because it is based upon the determination by the court of questions which the court had no jurisdiction even to consider, the person unlawfully detained is entitled to a writ of habeas corpus. Here the question is entirely different. The relator's plea of guilty was an admission of the allegations contained in the indictment. It established guilt of the crime charged as incontrovertibly as a verdict of the jury upon a trial where the court made no erroneous rulings of law. The court would have been compelled to deny a motion by the relator to dismiss the indictment because it fails to state a crime cognizable by the court, if such motion had been made, for it is not contended that the facts alleged would not, if proven or admitted, establish the felony charged unless the further fact not alleged was established by proof or admission that the relator and the complaining witness were husband and wife. The People certainly did not have the burden of alleging in the indictment or showing at the trial that the person whose property the accused was charged with appropriating was not his wife. If

the accused had at the trial shown the existence of that relationship the court would have been called upon to determine whether proof that a husband had appropriated his wife's property would establish that he was guilty of larceny. That question is one of law and erroneous decision might result in the conviction of the defendant for a crime he did not commit. Erroneous or not it can hardly be doubted that the court had jurisdiction to decide that question and a judgment based upon an erroneous decision on a question of law made by a court competent to decide such question is not void. Then, too, the People might have challenged at the trial evidence of the defendant of the existence of the relationship. True the claim of the relator that he was married to the complaining witness was not controverted at the hearing upon the writ, but upon this appeal the People have requested the court to accept official records intended to show that the marriage occurred after the alleged larceny. Though I agree that such records may not be considered now, yet if they had been offered at the trial a question of fact would have been presented upon the issue of the guilt or innocence of the accused which only the jury could decide.

It thus clearly appears that the questions which the relator now urges might have been raised under a plea of not guilty and that the court would then have been called upon to decide the question of law involved and the jury might have been called upon to decide a question of fact, and it is clear that the court had jurisdiction to decide such question of law and the jury had jurisdiction to decide such question of fact. For that reason the judgment cannot be challenged by habeas corpus on the ground that the court was without jurisdiction, even if the judgment is erroneous.

The distinction between a void judgment and an erroneous judgment is at times shadowy. It has at times been said that a person imprisoned by virtue of a final judgment rendered after trial or plea of guilt may, in habeas corpus proceedings, go outside the record of the court which rendered the judgment to show that the acts for the doing of

which he is restrained were such as could not constitute a crime. (See 57 A. L. R. 85, note.) The rule so stated may be applied only within the limited field within which the writ of habeas corpus may be used to challenge the validity of the judgment. It is perhaps significant that in the case which is annotated by the cited note in A. L. R., the court held that the alleged infirmity in the judgment of the criminal court could not be shown in habeas corpus proceedings and the cases referred to in the notes as authority for the stated rule emphasize the limitations on the application of the rule rather than the rule.

The leading case in America among those referred to there, is perhaps *Matter of Siebold* (100 U. S. 371). There the court said (at p. 376):

" Chief Justice ABBOT, in *Rex* v. *Suddis* (1 East, 306), said: ' It is a general rule that, where a person has been committed under the judgment of another court of competent criminal jurisdiction, this court [the King's Bench] cannot review the sentence upon a return to a habeas corpus. In such cases, this court is not a court of appeal.'

" It is stated, however, in Bacon's Abridgment, probably in the words of Chief Baron GILBERT, that, ' if the commitment be against law, as being made by one who had no jurisdiction of the cause, or for a matter for which by law no man ought to be punished, the court are to discharge.' Bac. Abr., Hab. Corp., B. 10. The latter part of this rule, when applied to imprisonment under conviction and sentence, is confined to cases of clear and manifest want of criminality in the matter charged, such as in effect to render the proceedings void. The authority usually cited under this head is *Bushel's Case*, decided in 1670. There, twelve jurymen had been convicted in the oyer and terminer for rendering a verdict (against the charge of the court) acquitting William Penn and others, who were charged with meeting in conventicle. Being imprisoned for refusing to pay their fines, they applied to the Court of Common Pleas for a *habeas corpus;* and though the court, having no jurisdiction in criminal matters, hesitated to grant the writ,

yet, having granted it, they discharged the prisoners, on the ground that their conviction was void, inasmuch as jurymen cannot be indicted for rendering any verdict they choose. The opinion of Chief Justice VAUGHAN in the case has rarely been excelled for judicial eloquence. T. Jones, 13; s. c. Vaughan, 135; s. c. 6 Howell's State Trials, 999."

The " want of criminality " of jurors in rendering a verdict acquitting an accused for good reason or bad reason is " manifest " and no less " manifest " is the lack of jurisdiction of any court to punish jurors for bringing in such a verdict. No plea of not guilty would there have availed the accused jurors and the court which tried the charge and imposed the sentence did not merely err in ruling upon the question of law whether the acts, admitted or proven, constitute a crime, but violated a fundamental principle of the common law in inquiring into the charge against the jurors. There is no analogy between that case and the case we are considering where the County Court had unquestionable jurisdiction to inquire into the relator's guilt or innocence of the crime charged and to decide debatable questions both of law and of fact.

In such case under an unbroken line of decisions in the Supreme Court of the United States and under the mandate of our statutes, the relator is not entitled to a writ of habeas corpus. Thus, in *Matter of Yarbrough* (110 U. S. 651, 654) the court said that "whether the indictment sets forth in comprehensive terms the offense which the statute describes and forbids, and for which it prescribes a punishment, is in every case a question of law, which must necessarily be decided by the court in which the case originates, and is therefore clearly within its jurisdiction." Again in the case of *Matter of Coy* (127 U. S. 731, 739) the court concisely formulated the question presented: "The only question raised by the petitioners, supported by several points in regard to the statutes applicable thereto, is that the District Court which tried the indictment had no jurisdiction. This proposition is founded, not upon any

want of jurisdiction of the person, but upon the broad statement that the indictment presents no crime or offense under the laws of the United States." In deciding whether the court could, in habeas corpus proceedings, decide that question the court reviewed its earlier decisions and quoted and followed the rule which had been stated in *Matter of Tobias* (3 Pet. 103). " An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous. The Circuit Court for the District of Columbia is a court of record, having general jurisdiction over criminal cases. An offense cognizable in any court is cognizable in that court. If the offense be punishable by law, that court is competent to inflict the punishment. The judgment of such a tribunal has all the obligation which the judgment of any tribunal can have. To determine whether the offense charged in the indictment be legally punishable or not, is among the most unquestionable of its powers and duties. The decision of this question is the exercise of jurisdiction, whether the judgment be for or against the prisoner. The judgment is equally binding in the one case and in the other, and must remain in full force unless reversed regularly by a superior court capable of reversing it " (p. 757). (See, also, *Riggins* v. *United States*, 199 U. S. 547; *Matter of Gregory*, 219 U. S. 210.)

Under the rule enunciated in these cases it seems clear that even without the statute the relator was convicted upon his plea of guilty of a charge of larceny in a court which has " general jurisdiction over criminal cases." The statute, as we have pointed out, requires rigid observance of the limitations upon the use of the writ of habeas corpus " arising from the nature and objects of the writ itself as defined by the common law." In no case has a writ of habeas corpus been sustained by this court where imprisonment is under a final judgment of imprisonment by a court having jurisdiction of the person of the accused and general jurisdiction of criminal offenses. The statute, of course,

does not, in terms, place any restriction upon the use of the writ to inquire into the legality of imprisonment before final judgment and pending trial upon an information or indictment which states no offense, but it is to be noted that in *People ex rel. Collins* v. *McLaughlin* (194 N. Y. 556) this court in holding that a court has power in habeas corpus proceedings to determine the sufficiency of an information in such case and whether a crime is charged, pointed out that except in rare cases such power should not be exercised. In this case the Appellate Division has in habeas corpus proceedings decided questions of law and of fact which were within the jurisdiction of the trial court, but which were not raised there. The writ of habeas corpus may not be used for such purpose.

The order of the Appellate Division should be reversed, that of the County Court affirmed, and the relator remanded to custody.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.