THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN P. SMITH, Petitioner, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHESTER W. CARR, Petitioner, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Respondent.

Supreme Court, Washington County, July 14, 1943.

*John P. Smith* and *Chester W. Carr*, petitioners in person.

*Nathaniel L. Goldstein, Attorney-General (George A. Radz* of counsel), for respondent.

*Harold R. Soden, District Attorney of Essex County,* in person, in the first proceeding.

*John F. Doyle, District Attorney of Saratoga County,* in person, in the second proceeding.

Imrie, J.  This memorandum constitutes my determination in each of the above proceedings, which were returnable at the same time and involved the same general questions.  Each petitioner was convicted in County Court on his plea of guilty and there sentenced.  Now, each raises a contention similar to that of the prisoner Bendix adjudicated in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19); that is, that his plea of guilty was obtained through fraud, deceit or trickery on the part of the District Attorney.  However, instead of making the application directly to the appropriate County Court, these petitioners have applied here for an order remanding them to that particular County Court and inferentially, at least, seem to expect this court to take testimony with reference to their several allegations of fraud.

The rule of law laid down in the *Lyons* case is clear and unequivocal; but I find nothing in that opinion which, directly or by implication, indicates that these petitioners, and others similarly situated, should invoke process of the Supreme Court to initiate their proceeding for the relief which they seek.  In the *Lyons* case the prisoner had made his application directly to the Court of General Sessions of the County of New York.  That court, in criminal matters, is a court of original jurisdiction, as are the County Courts.  The Court of Appeals, in the *Lyons* case, held that such a court had the inherent power to

act to open and set aside its own judgment, and that the Supreme Court had no power to prohibit such acts on the part of the court of original jurisdiction.

If these prisoners have a just grievance which may be rectified under the rule of the *Lyons* case, they should make their application directly to the courts which sentenced them. This court cannot take testimony and make a determination which would in any manner be compelling upon the exercise by the County Court of the discretionary power there resident to open and set aside its own judgment.

It may be the theory of the petitioners that the only means by which they could be returned to the appropriate County Court, to be present when application is made to that court for the desired relief, is through the intervention of this court. I take it that the one forum in which petitioners may be heard is the sentencing court. That court may or may not entertain the application to it. It would be an act of presumption, if not futility, for this court to make an order which would, in effect, deposit the petitioner upon the doorstep of the County Court with no assurance that that court would be willing to admit him or to consider his plea. If it is willing to consider his plea, the Code of Criminal Procedure (§ 10-c), at least, would seem to be sufficient authority for an order of that court to have him produced.

In each of these cases the prayer of the petitioner is denied and his writ dismissed. His plea should be addressed directly to the County Court which sentenced him. Nor does it seem to me that habeas corpus (and, regardless of the form of the papers, these are substantially habeas corpus proceedings) can lie to bring matters of this sort into the Supreme Court instead of the court of original jurisdiction. There should be a rigid observance of the limitations upon the use of the writ of habeas corpus. (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27.) Both of these petitioners are imprisoned under final judgments of imprisonment in a court having jurisdiction of the person and general jurisdiction of the criminal offense for which they were indicted and sentenced. (Civ. Prac. Act, § 1231.) Order in each proceeding to provide that it is without prejudice to an application to the appropriate County Court.