(March 7, 1945.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK PALUMBO, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.

MEMORANDUM BY THE COURT. Relator has appealed from an order of the Clinton Special Term entered in the Clinton County Clerk's office on June 10, 1944, dismissing his writ of habeas corpus.

On April 2, 1941, relator was arrested in New York County and was later indicted for the crimes of robbery, first degree, assault, second degree, and carrying a dangerous weapon after prior conviction. When arraigned on April 24, 1941, he plead not guilty. However on the trial date, April 30, 1941, he changed his plea to guilty of the crime of robbery, third degree.

On this appeal relator contends that he was induced to plead guilty. The record does not sustain that argument. There is no proof of fraud, duress, coercion or misrepresentation. The court had jurisdiction and a writ of habeas corpus is not available to him to review the conviction. (Matter of Morhous v. N. Y. Supreme Court, 293 N. Y. 131; People ex rel. Carr v. Martin, 286 N. Y. 27.)

Order affirmed, without costs.

HILL, P. J. (dissenting). The order dismissing the writ of habeas corpus should be reversed, the petitioner discharged from the custody of the warden of Clinton Prison, and remanded to the Court of General Sessions of New York County for trial in the event he still desires to enter a plea of not guilty to the indictment.

Petitioner was indicted by a grand jury of New York County for the crime of robbery, first degree, assault, second degree, and carrying a dangerous weapon. He was arraigned and pleaded not guilty. His trial began on April 30, 1941; he was represented by counsel furnished by the " Voluntary Defenders Committee ". Upon the trial his counsel withdrew his plea of not guilty and entered a plea of guilty to the crime of robbery, third degree. Petitioner was dissatisfied with this disposition, and asked for a new attorney, and the court assigned Patrick F. Dempsey. The case was adjourned. On a later date, when the defendant was brought before the court, his new counsel asked that he be permitted to withdraw the plea of guilty and to stand trial. The court refused this motion and sentenced the defendant upon his unwilling plea to a term of not less than ten nor more than twenty years.

Due process was lacking. The petitioner was entitled to be represented by counsel and to be advised at every step of his trial. When counsel who was first assigned entered a plea of guilty, against petitioner's desires, and new counsel sought to obtain a trial to which the accused was entitled, the request should have been granted. The denial was such an invasion of constitutional rights that the writ should be granted and the petitioner remanded to the authorities of New York County for a trial on a plea of not guilty. (Matter of Morhous v. N. Y. Supreme Court, 293 N. Y. 131; People ex rel. Tweed v. Liscomb, 60 N. Y. 559.)

Heffernan, Brewster, Foster and Lawrence, JJ., concur in decision; Hill, P. J., dissents in memorandum.

Order affirmed, without costs.