PEOPLE ex rel. HOWARD W. PICKELL, Relator, against ONONDAGA COUNTY COURT, Defendant.

Supreme Court, Special Term, Onondaga County, September 3, 1947.

*Howard W. Pickell,* relator in person.

*William H. Bowers, District Attorney (Arthur W. Wilson* of counsel), for defendant.

MALPASS, J. The above-named relator was convicted in the Onondaga County Court on November 26, 1934, upon his plea of guilty to an indictment charging him with the crime of grand larceny in the second degree. The relator was committed upon said conviction to Elmira Reformatory. On July 12, 1937, the relator was again convicted in the Onondaga County Court upon his plea of guilty to an indictment charging him with the crime of grand larceny in the second degree as a second offender. Upon the latter conviction the relator was sentenced to a term of not less than five years nor more than ten years in the State prison at Attica. The relator is now confined in the said prison at Attica.

The relator makes this application for a " writ of certiorari under sections 1230 and 1231 of the Civil Practice Act." The relator asserts in his petition that his conviction in November, 1934, was illegal and void and that therefore he was not a second offender at the time of his conviction in 1937.

The petition sets forth the facts upon which the application is based and states among other things that the relator " was indicted on or about October 22nd, 1934 in an indictment charging grand larceny second degree " and " upon arraignment on the 24th day of October, 1934, relator pleaded not guilty, and Honorable WILLIAM L. BARNUM, then Onondaga County Judge, assigned as counsel, Mr. Dennis P. Nash." The petition further states that Mr. Nash as counsel, on November 20, 1934, withdrew the plea of not guilty and entered a plea of guilty, moving the court to remand relator to Syracuse Psychopathic

Hospital for mental examination. The petition further states that the court granted the motion and the relator was taken to the said hospital and on November 26, 1934, six days after the guilty plea was entered, the relator was sentenced to Elmira Reformatory. The petition states that counsel for the relator was not present in court at the time of sentence, and the relator asserts this to be sufficient grounds to void the conviction. The petition also sets forth that the sentencing court and the District Attorney's office were aware that the relator had, previous to November, 1934, been committed to the Manhattan State Hospital from which he had escaped. The petition asserts that "there was a doubt as to petitioner's [relator's] sanity" and that therefore it was necessary that his counsel be present at the time of sentence and that the court was without jurisdiction to proceed with the pronouncement of sentence and that the judgment of conviction was unlawful and void.

The District Attorney asserts that all proceedings had in the action against the relator were regular and according to law and that the counsel for the relator, according to the records of the Onondaga County Court was present in court on November 26, 1934, upon the occasion of sentence being imposed upon the relator. It is further urged by the District Attorney that the relator in April of this year made an application to the Onondaga County Court for an order setting aside and vacating the judgment of conviction attacked in this application upon the same grounds which are asserted in this application and that the Onondaga County Court denied relator's application to that court.

No claim is made in the petition that the Onondaga County Court lacked jurisdiction of the relator or jurisdiction of the criminal action against him. The only allegations raised in the petition which are claimed to affect the validity of the judgment of conviction are (1) the alleged absence of defense counsel from the court at the time of sentence of the relator and (2) the failure of the court to give proper consideration to the question of relator's sanity before pronouncing sentence.

The petition shows that the court assigned counsel to represent the relator and that relator pleaded guilty while he was represented by counsel and that his counsel made a motion for relator's commitment to the Syracuse Psychopathic Hospital for observation and report to the court prior to sentence, which motion was granted and relator taken to the hospital for observation. The records show that the relator was well represented by counsel and the sentence imposed was a legal sentence for the crime of which the petitioner pleaded·

guilty. Under such circumstances the conviction should not be set aside. The writ of habeas corpus or certiorari is not the proper remedy to set aside a conviction upon the ground of failure to advise a relator of his right to counsel or the conduct of a proceeding in the absence of counsel. (*People ex rel. Carr* v. *Martin,* 286 N. Y. 27; *People ex rel. Martine* v. *Hunt,* 266 App. Div. 822, motion for leave to appeal denied 294 N. Y. 651.)

In respect to the claim that the court did not give proper consideration to the question of relator's sanity at the time of passing sentence, the petition fails to state any facts which would justify setting aside of this conviction which took place nearly thirteen years ago. On the contrary it appears from the petition that the court was careful to investigate the relator's mental condition before pronouncing sentence. The court committed the defendant to the Syracuse Psychopathic Hospital for observation and report as to relator's mental condition and after his return from the hospital pronounced sentence. Section 481 of the Code of Criminal Procedure provides (this section was in effect in 1934) that a defendant may show cause against a judgment that he is insane; and if, *in the opinion of the court,* there be reasonable grounds for believing him to be insane, the question of his sanity must be tried. Section 482 of the Code of Criminal Procedure provides (this section was also in effect in 1934), that " If no sufficient cause appear to the court why judgment should not be pronounced, it must thereupon be rendered. * * * " This section further provides that before rendering judgment or pronouncing sentence the court shall cause the defendant's previous criminal record to be submitted to it, including any reports that may have been made as a result of a mental, psychiatric or physical examination of such person and may seek any information that will aid the court in determining the proper treatment of such defendant. There is no claim that the question of relator's sanity was raised prior to the entry of his plea of guilty. The relator might well have made his sanity to be subject to the verdict of a jury under a plea of guilty. The decision of the question of relator's sanity under the circumstances here existing rested in the sound discretion of the court (*People* v. *Esposito,* 287 N. Y. 389). The petition is barren of any statements of fact which would indicate any abuse of discretion on the part of the court which pronounced sentence. " In the absence of clear and convincing proof to the contrary ", it is presumed that the sentencing court performed its duty and that relator's constitutional rights were not invaded (*People ex rel. Asaro* v. *Morhous,* 268 App. Div.

1016, appeal dismissed 294 N. Y. 694; *People ex rel. Kruger v. Hunt,* 257 App. Div. 917).

Section 1231 of the Civil Practice Act provides that a person is not entitled to either of the writs of habeas corpus or certiorari " Where he has been committed or is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction * * *.''

The application of the relator for a writ of certiorari is denied and an order to that effect may be entered herein.