■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY TUMMINELLO, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant, after trial, of robbery in the first degree and sentencing him to serve from 10 to 20 years. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES WHITE, Appellant.— Appeal from an order of the County Court, Kings County, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment rendered by said court on January 14, 1946 convicting appellant on his plea of guilty of grand larceny in the second degree and sentencing him to serve two and one half to five years. The indictment charged that appellant had stolen a certain make of camera of the value of $125. Appellant now claims that the price of the stolen camera was fixed by law at not more than $80 and, therefore, he could not have been convicted of a felony. Order unanimously affirmed. It appears from the papers in support of appellant's application that, of the type of camera which the indictment charged appellant had stolen, there were new and several used models available. It was only the cheaper model of used camera that was price-fixed by law at $80. The indictment does not specify whether appellant had stolen a new or a used camera, or the model. Appellant's plea of guilty was an admission of the allegations contained in the indictment and precludes him from now controverting the factual allegation that the stolen camera had a value of $125. (*People* v. *Sullivan*, 3 N Y 2d 196; *People ex rel. Carr* v. *Martin*, 286 N. Y. 27.) Present — Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ.; Beldock, J., not voting.

■ DONATO RICCI et al., Appellants, v. HANS BAADER et al., Respondents. — In an action to determine claims to real property (1st cause of action) and to impress a constructive trust thereon on the ground of fraud (2d cause of action), the appeal is from a judgment dismissing the complaint entered after trial before an Official Referee to whom the action had been referred to hear and determine. Judgment unanimously affirmed, with costs. Both the first and second causes of action were properly dismissed. With respect to the second cause of action, while the learned Official Referee assigned no specific reason for the dismissal, it is clear from the record that the evidence adduced was insufficient to establish fraud. There was an absence of proof (a) showing any intent by respondents Baader and Karp to defraud appellants, and (b) showing any reliance by appellants on any alleged misrepresentation by said respondents. Nor did the letter sent August 29, 1953 by respondent Baader to appellant Rich constitute a waiver of the statutory redemption period so as to estop respondents from invoking that period. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.