■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK MARKUS, Appellant.— Appeal from an order of the County Court, Nassau County, which denied appellant's motion (1) to set aside his sentence to imprisonment for a term of 2½ to 5 years as a second felony offender and (2) to resentence him as a first felony offender on the ground that appellant was not a second felony offender. Order unanimously affirmed. No question has been raised as to the appealability of the order. A theoretical question was raised as to whether, if appellant had gone to trial in California in 1944, the California indictment could have been amended and appellant convicted of grand theft pursuant to section 487 of the Penal Code of California, for acts not charged in the indictment but which, while constituting the crime of grand theft under the said California statute, would not have been felonies in New York. This question may not be taken into consideration. The matters to be considered are the California statute under which appellant was indicted and the essential allegations in the indictment under that statute. The allegation as to value in the California indictment which charged that appellant did willfully, unlawfully and feloniously take a diamond ring of a value in excess of $200 was an essential allegation since grand theft was committed when personal property of a value exceeding $200 was taken. The plea of guilty in California was an admission of the essential allegations in the indictment (see, e.g., *People ex rel. Carr* v. *Martin*, 286 N. Y. 27; *People* v. *Love*, 305 N. Y. 722; cf. *People* v. *Olah*, 300 N. Y. 96). The fact that there were other provisions in section 487 of the Penal Code of California which provided that grand theft was committed when domestic fowls, avocados or other named agricultural products were taken of a value exceeding $50 or when an automobile, horse or one of other named animals was taken, without value thereof being charged, does not affect the result (cf. *People* v. *Ballard*, 155 N. Y. S. 2d 59). The conviction in California was for a crime which would necessarily be a felony if committed in New York. (*People* v. *Turpin*, 277 App. Div. 1059; *People* v. *Love, supra.*) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.