Hymah Korn, J.
This is a motion for an order suppressing admissions and statements made by this defendant prior to indictment, and upon his appearance before the Grand Jury. In support of the application it is urged that some 12 hours subsequent to his arrest admissions were forcibly extracted by the District Attorney and the police; and further that the defendant did not understand the nature of his act when on a day subsequent he executed a waiver of immunity for his Grand Jury appearance upon representation of the prosecutor, relayed through his counsel, that if he appeared and testified low bail would be fixed and that he would receive a light sentence. Initially it must be observed that the exclusionary rule mandated in Spano v. New York (360 U. S. 315) and extended in People v. Meyer (14 A D 2d 241) prohibits the introduction in evidence only of confessions secured subsequent to indictment or arraignment in the Magistrates’ Court. Otherwise, where admissions are secured, and it is alleged that they were forcibly extracted, or that arraignment was unnecessarily delayed, their voluntary nature is properly a question for the jury. (People v. Lane, 10 NY 2d 347.)
*990 Further, the defendant cannot now repudiate the waiver of immunity he executed so as to exclude from evidence his statements made before the Grand Jury. The very purpose of the Legislature in enacting section 2446 of the Penal Law was to avoid the possibility of a defendant waiving the constitutional safeguard against incrimination through misunderstanding, fraud or coercion, by providing for the observance of formalities as the free expression of the act of the person about to testify, entirely removed from outside influence. (People ex. rel. Jannicky v. Warden, 231 App. Div. 131, Lazansky, J., concurring p. 137.) The prescribed formalities having been observed the waiver is binding. A bare assertion that a defendant was induced to execute the waiver by promise of “ a break ” allows no judicial intervention. This motion is in all respects denied.